LWOODARD, Judge.
This is a personal injury case. Police Lieutenant Joseph Butcher, of the Abbe-ville, Louisiana, City Police Department, suffered shoulder, neck, and back injuries while riding as a guest passenger of a police car when the car was involved in an accident with another car driven by Mr. Danny Leboeuf, in Abbeville, Louisiana. Mr. Leboeuf was insured by National Union Fire Insurance Company of Louisiana. After reaching a settlement with Mr. Le-boeuf s insurer, he sued the Mt. Airy Insurance Company (Mt. Airy), who was the City of Abbeville’s uninsured motorist insurer and the City of Abbeville. The trial court awarded Lt. Butcher $300,000.00 in damages. Mt. Airy appeals. We affirm.
FACTS
On March 31, 1995, about 7:40 p.m., Lt. Butcher was a guest passenger in a police vehicle owned by the City and driven by another police officer, Hagan J. Goutier-rez. They were in pursuit, in an easterly direction on Prairie Avenue, of a 12person suspected of having committed a crime at Wal-Mart in Abbeville. Officer Gutierrez had the emergency beacon light on. As they approached the intersection with Sampson Street, a 1990 Toyota pickup truck, operated by Mr. Leboeuf who was also traveling in an easterly direction on Prairie Avenue to the right of the police unit, made an abrupt left hand turn in *747 front of the police unit, causing the accident.
Lt. Butcher, who was not wearing his seat belt, struck the windshield with his head and body and was knocked unconscious at the accident scene. Both vehicles were damaged. An ambulance took Lt. Butcher to Abbeville General Hospital emergency room for treatment. He was released later that night. At the time of the accident, he was fifty years old and had been a member of the Abbeville Police department for twenty-two years.
After the accident, in the early stages, Lt. Butcher received conservative medical treatment from Dr. Ernest Kinchen, his family physician, Dr. Gerald Nickerson, a physical medicine and rehabilitation doctor, and Mr. Scott Hollier, a physical therapist. As a result of the accident, Lt. Butcher sustained injuries to his left shoulder, neck, and back, which he immediately reported to Dr. Kinchen.
Dr. John Cobb, an orthopaedic specialist, operated on his left shoulder on February 8, 1996, to repair a torn rotator cuff. Dr. Cobb’s post-surgery treatment concluded on July 15, 1996, when he was released for full duty. During the course of Lt. Butcher’s treatment, he had sporadically missed work for a year.
Subsequent to his release, Police Chief, Mr. Mike Hardy, requested that the City of Abbeville’s Risk Manager, Ms. Jane Le-Blanc, have Lt. Butcher undergo a functional capacity evaluation to test his physical capabilities prior to his return to work. Lt. Butcher underwent the functional capacity evaluation at the Fontana Center in Lafayette, Louisiana. Fontana Center is a full-service outpatient physical therapy clinic specializing in orthopaedic therapy and industrial rehabilitation. It consisted of two days of physical tests, which were conducted on July 15 and 16, 1996. After the testing concluded, Lt. Butcher reported the next day that he had injured his back while performing sit-ups, as required by the testing.
Lt. Butcher returned to see Dr. Cobb. Diagnostic studies confirmed a segmental instability at L4-5 and L5-S1 with a left sided disc protrusion at L5-S1. On December 4, 1997, Lt. Butcher underwent a two-level decompression and fusion of L4-5 and L5-S1. This procedure was followed by EBI instrumentation of L4 to L5 with pedicel | ¡¡screws. As a result of the back injury, Lt. Butcher is restricted to light or medium duty work and is not able to perform unrestricted police work.
Lt. Butcher filed suit as an uninsured motorist against Mt. Airy Insurance Company, the uninsured motorist carrier for the City of Abbeville, also seeking penalties and attorney’s fees. Prior to trial, Lt. Butcher was presented with two tenders totaling $65,000.00. Additionally, Lt. Butcher’s counsel was allowed to retain the $10,000.00 tendered by National Union Fire Insurance Company of Louisiana, the insurer of Mr. LeBouef, the driver who caused the accident.
This case was tried on June 23, 1998 without a jury. On July 15, 1998, the trial court issued its reasons for judgment. It found that Lt. Butcher’s back injury was related to the automobile accident and awarded general damages of $300,000.00. It did not award penalties and attorney’s fees. On August 28, 1998, Mt. Airy Insurance Company filed a Motion for Suspen-sive Appeal. The surety bond was set at $225,000.00.
ASSIGNMENTS OF ERROR
Appellant alleges that the trial court erred in: (1) utilizing “ease of association” theory by finding that Mr. Butcher’s back injury was a compensable injury and related to the automobile accident forming the basis of this claim, and (2) awarding Mr. Butcher $300,000.00 in general damages which was not supported by the evidence and testimony produced at trial.
LAW
Liability
Appellant contends that the trial court erred in finding that Lt. Butcher’s *748 back injury was related to the automobile accident that occurred on March 31, 1995. In its reasons for judgment, the learned trial judge stated:
If BUTCHER’S damages had stopped prior to his participation in the work hardening program, the court finds that his general damages would amount to seventy-five thousand dollars ($75,000). However, the resolution of this case does not end here. In fact, the question of whether or not BUTCHER’S back injury, a claimed result of the “work hardening” program, is attributable to the March 31, 1995 accident is the most difficult legal issue involved in this case.
|4On this issue, the court first finds that the back injury which precipitated BUTCHER’S back surgery was related to the work hardening program required by CITY [Abbeville, Louisiana]. The court further finds that according to the principles espoused in Younger v. Marshall Industries, 618 So.2d 866 (La.1993), the defendants are liable for the injuries resulting from the program. Younger held that the duty not to injure a victim extends beyond the well-established risk of subsequent negligent medical treatment and includes the risk that he may sustain injury due to his weakened condition. A duty/risk analysis is used to determine whether or not a subsequent injury is a particular risk within the scope of protection extended by the imposition of the duty with the focus of that analysis being the “ease of association” between the accident and the subsequent injury.
BUTCHER argues that the work hardening program was in fact medical treatment and therefore falls within the traditional protection of Louisiana tort law. For this argument, he relies on the fact that the program was conducted by health care providers and was done only after a “prescription” from Dr. Cobb was obtained. The court finds that the work hardening program was not “medical treatment,” but is none-the-less easily associated with the initial injury of the victim in a duty/risk analysis of the facts. The only reason BUTCHER was required to complete the program was his long term absence from his job, which has already been determined to be a result of the automobile accident at issue. Another fact adding to the ease of associating BUTCHER’S back injury to the accident is his mention of back discomfort in describing his symptoms to doctors following the March 31, 1995 accident. BUTCHER’S back symptoms at this time were not as significant as the neck and shoulder complaints, and therefore did not receive as much attention.
Having reviewed Younger and the record, we do not find any error in the trial court’s reasoning. It properly applied the “weakened condition” theory to the facts of this case. This assignment of error is without merit.
General Damages
Appellant contends that the trial court’s award of $300,000.00 was excessive. In reviewing general damage awards, we must accord much deference to the trial judge or jury. Andrus v. State Farm Mut. Auto. Ins. Co., 95-801 (La.3/22/96); 670 So.2d 1206. Our role in reviewing awards of general damages is not to decide what we consider to be an appropriate award but, rather, to review the exercise of discretion by the trial court. Id.; Reck v. Stevens, 373 So.2d 498 (La.1979). Because the discretion vested in the trial court is great, and even vast, and we should only disturb an award [ Rof general damages if there is a clear abuse of that discretion. Andrus, 670 So.2d 1206; Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
Applying these principles to the trial court’s award, we do not find any clear abuse of discretion in the trial court’s judgment. In its reasons for judgment, the trial court considered the award of $75,000.00 for the shoulder and neck injury *749 and the consequent surgery to be adequate for those injuries. It is obvious that the trial court awarded Lt. Butcher an additional $225,000.00 for his back injuries and its consequences. The back injury required surgery and permanently limited Lt. Butcher’s future employment prospects, since he is limited to light and possibly medium duty work.
There was no abuse of discretion in the total award. This assignment of error is without merit.
CONCLUSION
The trial court’s decision, finding Lt. Butcher’s back injury to be related to the accident of March 31, 1995 is affirmed. The trial court did not abuse its discretion in its award of $300,000.00 for the shoulder, neck, and back injuries and the two surgeries. The appellant is cast with the costs of the appeal.
AFFIRMED.
AMY, J., CONCURS AND ASSIGNS REASONS.